# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

JOAN C. FUGAZZI,                          :
                                          :
            Plaintiff,                    :
                                          :
      v.                                  : Civ. No. 22-872-GBW
                                          :
ATTORNEY FLOYD                            :
CAROTHERS,                                :
                                          :
            Defendant.                    :

---

Joan C. Fugazzi, Oakdale, Pennsylvania, Pro Se Plaintiff.

Floyd Carothers, Esq., Pittsburgh, Pennsylvania, Pro Se Defendant

## MEMORANDUM OPINION

September 26, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.   INTRODUCTION

Plaintiff Joan C. Fugazzi, proceeding *pro se*, brings this patent infringement action against Defendant Floyd Carothers. The Amended Complaint is the operative pleading. (D.I. 5). Before the Court is Defendant's motion to dismiss for lack of personal jurisdiction. (D.I. 21). The matter is fully briefed.

## II.   BACKGROUND

Plaintiff claims that in 2004, she engaged Defendant, an attorney, to file a patent for her. She discovered in 2022, however, that Defendant had infringed both the patent and a trademark she held. Although the Amended Complaint does not appear to include a prayer for relief, in the initial Complaint, Plaintiff appeared to request declaratory relief in various forms and royalties. (D.I. 1 at 5). Both Plaintiff and Defendant are Pennsylvania residents, and Defendant's law practice is based in Pennsylvania.

Defendant filed a motion to dismiss for lack of personal jurisdiction, arguing that he has no contacts in Delaware. (D.I. 21, 22). In an accompanying affidavit, Defendant stated:

> I am an individual in the practice of patent and trademark law in Pittsburgh, Pennsylvania since my admission to the Pennsylvania Bar in 1966. I further declare that I have never practiced law or transacted any business in the state of Delaware, and that I have never contracted to supply services of things in the state of Delaware; that I have never caused tortuous injury by an act or omission in the state of Delaware;

that I have never solicited business, or engaged in any other persistent course of conduct or derived substantial revenue from goods used or consumed or services rendered in the state of Delaware, that I never caused injury in the state of Delaware to any person by breach of warranty expressly or [impliedly] made in the sale of goods outside the state of Delaware, and that I do not and have not solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in the state of Delaware; that I have no interest in, using or possession of real property in the state of Delaware; and I have never contracted to insure any person, property or risk located within the state of Delaware.

I declare that all the alleged averments stated in the purported Complaint occurred in Pittsburgh, Pennsylvania.

(D.I. 23 at 1-2). In her response in opposition, Plaintiff asserts that this Court has personal jurisdiction over Defendant because Defendant filed a complaint against her in Delaware in 2015. (D.I. 24). She also references a "civil action filed in District of Delaware No. 575311366 listed as Floyd B. Carothers v. Joan C. Fugazzi Smith." (*Id.* at 2). In his Reply, Defendant states that he "never filed any Complaint in the Court of Delaware," and that he has no knowledge of the civil case referenced by Plaintiff, expressing his belief that "this refers to something initiated by Plaintiff." (D.I. 26).

## III.   LEGAL STANDARD

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a suit for lack of jurisdiction over the person. Although Rule 8 does not require a plaintiff to set forth in the complaint "the grounds upon which the

court has personal jurisdiction over the defendant," *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. 1995), "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). If the district court does not hold an evidentiary hearing, the court should resolve any factual disputes in the plaintiff's favor and should deny the motion if the plaintiff's evidence establishes "a prima facie case of personal jurisdiction." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

Two requirements, one statutory and one constitutional, must be satisfied for personal jurisdiction to exist over a defendant. *Bell Helicopter Textron, Inc. v. C & C Helicopter Sales, Inc.*, 295 F. Supp. 2d 400, 403 (D. Del. 2002). "First, a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Id.* (citing Fed. R. Civ. P. 4(e)). The Court must, therefore, determine whether there is a statutory basis for jurisdiction under the Delaware long-arm statute. *Id.* (citing 10 Del. C. § 3104(c)). "Second, because the exercise of jurisdiction must also comport with the Due Process Clause of the United States Constitution, the Court must determine if an exercise of jurisdiction violates [Defendant's] constitutional

right to due process." *Id.* (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

"Once a jurisdictional defense has been raised, the plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction." *Id.* (citing *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Plaintiff may establish jurisdictional facts through sworn affidavits or other competent evidence. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984).

Plaintiff must demonstrate either specific or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from Defendant's activities within the forum state. In contrast, general jurisdiction does not require Defendant's connections be related to the particular cause of action, but that Defendants have continuous or systematic contacts with the forum state. *American Bio Medica Corp. v. Peninsula Drug Analysis Co, Inc.*, 1999 WL 615175 (D. Del. 1999). "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Id.* Plaintiff is required to respond to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction with actual proof, not mere allegations. *Id. See also Hurley v. Cancun Playa Oasis In'tl Hotels*, 1999 WL 718556, at *1 (E.D.

4

Pa. Aug. 31, 1999) (stating that "[g]eneral averments in an unverified complaint or response without the support of sworn affidavits or other competent evidence are insufficient to establish jurisdictional facts").

## IV.   DISCUSSION

Defendant has submitted an unrebutted affidavit establishing that he has no contacts with Delaware.  In response, Plaintiff has alluded to a 2015 complaint she alleges that Defendant filed against her in Delaware.  Both the court in which the complaint was allegedly filed, and the subject matter of the suit, are unclear.  Plaintiff has also alluded to a civil action that Defendant allegedly filed against her in Delaware.  Whether this is meant to refer to the same complaint or a different matter is unclear.

Plaintiff has filed hundreds of pages of exhibits.  The Court has attempted to sift through them, looking for the above referenced Delaware court filings.  The Court has been unsuccessful in this endeavor.  The Court has also performed a search of available state and federal databases, but has found nothing.

Although Plaintiff proceeds *pro se*, it was still incumbent upon her to advise the Court where these possible relevant documents could be found in the voluminous record. *Cf. Mays v. Toloza*, 2023 WL 110536, at *2 n.11 (3d Cir. Jan. 5, 2023) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary

judgment.") (quoting *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013)).  Plaintiff failed to do so.

In light of Defendant's unrebutted affidavit assertions establishing the absence of contacts in Delaware, Plaintiff has failed to meet her "burden of proving by affidavits or other competent evidence that jurisdiction is proper" in this Court.  *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996).  Personal jurisdiction over Defendant is therefore lacking.

## V.   CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss; (2) deny as moot Plaintiff's motions for hearings; and (3) direct the Clerk of Court to mark this case closed.

An appropriate order will be entered.